Affirmed.

## In re DAWE.

### Patent Appeal No. 2795.

Court of Customs and Patent Appeals.

Nov. 27, 1931.

E. Clarkson Seward, of New York City, for appellant.

T. A. Hostetler, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for the Commissioner of Patents.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

GARRETT, Associate Judge.

Three claims (being all the claims) of appellant's application for patent on "Improvement in Tractor Wheels" were disallowed by the examiner, whose decision was affirmed by the Board of Appeals of the Patent Office, patentability being denied in view of the prior art, and he has appealed same to this court. The claims read as follows:

"5. A driving wheel for tractors and similar agricultural implements, comprising a series of annular plates of sinuous formation in relation to the plane of rotation, means for uniting said plates to a common center in the hub of the wheel, and means for holding the plates in position relative one to another, the edges of said annular plates forming the entire tread of the wheel, said edges being adapted to cut through the surface soil.

"6. A driving wheel for tractors and similar agricultural implements, comprising a series of annular plates of sinuous formation in relation to the plane of rotation, spokes uniting each of said plates to a central boss whereby each plate with its spoke and boss forms an independent unit, and means for securing said units in predetermined angular relation to each other, the edges of said plates forming the entire tread of the wheel, said edges being adapted to cut through the surface soil.

"7. A driving wheel for tractors and similar agricultural implements having its tread formed solely by the edges of a series of an-

nular plates adapted to cut through the surface soil and being spaced laterally one from another, said annular plates being sinuous in relation to the plane of rotation."

The references cited are:

Stuart, 395638, January 1, 1889.
Campbell, 545342, August 27, 1895.
Mussetter, 921557, May 11, 1909.
Baker, 1133355, March 30, 1915.
Ferriss, 1156676, October 12, 1915.
Hildebrand, 1238405, August 28, 1917.
James et al., 1560384, November 3, 1925.
Bruckshaw et al. (Br.), 863, of 1865.

It will be seen from the claims that they relate to a tractor wheel which is composed of a plurality of sinuous blades forming the entire tread of the wheel, which blades are so spaced laterally with relation to each other as to form a cutting device for soil; it being stated that these blades cut through the surface soil to the subsoil.

The examiner's rejection was based upon the showing of "a plurality of wheel units connected at their hub portions" by Campbell, Mussetter, Baker, and James, in view of the showing by Ferriss, Hildebrand, and Bruckshaw of "sinuous wheel peripheral portions."

The Board of Appeals concurred in the examiner's holding and, in addition to the references cited by him, referred to the Stuart patent as showing "a harrow made up of a series of parallel disks of sinuous formation."

It may be here said that all of the references cited seem to be patents for some form of wheel, some being for tractor wheels and others for wheels of farming implements.

There is a certain analogy between tractors and agricultural implements; that is to say, tractors are much used in agricultural operations, the use being largely confined to furnishing the motive power for drawing or pushing farm machinery, such as plows, harrows, drags, and the like.

What appellant appears to have produced is a wheel made up of annular sinuous blades which can be placed on a tractor instead of the usual wheel, the blade wheel itself serving to cut the surface soil.

That it is novel is conceded, and evidences of usefulness and commercial success are present in the record.

No one of the references shows, or suggests, any such tractor wheel as appellant discloses, and no one of them is designed to perform the particular or specific work which appellant's device is shown successfully to perform. It would not be possible to modify any one of the devices of the references by substituting features or elements of the structures of the others, so as to produce the device of appellant. The features of the several references that are somewhat analogous to the features disclosed in the application would require material and radical modification in order to make them conform to appellant's production, and it seems to us that the modifications required are not obvious.

Under such circumstances, in the light of numerous decisions of this and other courts, we are convinced that inventive conception and execution are present in appellant's structure for which he is entitled to patent. In re Frank Hamachek, 36 F.(2d) 119, 17 C. C. P. A. 633; In re William Price et al., 36 F.(2d) 432, 17 C. C. P. A. 736; In re Uddenborg, 39 F.(2d) 710, 17 C. C. P. A. 1016, and cases cited in these several decisions.

■ Each of appellant's claims has as its introductory phrase the words, "A driving wheel for tractors and similar agricultural implements." In Braren v. Horner, 47 F.(2d) 358, 364, 18 C. C. P. A. 971, 981, this court, following numerous cases therein cited, held that such a phrase, under the facts of that case, was "introductory only, and should not be considered as limitations of the subject-matter of the issue."

This is a sound rule, we think, and one which is here applicable. The introductory phrase here used, therefore, may be looked to, not as an element of the invention, but only as the title or name of same, and the invention must be found in the combination (these being claims for a combination) of the elements actually entering into the device.

■ Such elements, in combination, clearly distinguishable from the prior art cited, without reference to the introductory phrase, we deem to be present in claims 5 and 6.

In no one of the references, nor in any combination of the features of the references, are we able to find or build up a device in which the edges of sinuous annular plates form the entire tread of a wheel, such plates secured in predetermined angular relation to each other in the manner disclosed by appellant, with spokes uniting the plates to a central boss in an arrangement which makes each plate an independent unit in the manner, or for the function, of appellant's independent units, and having the edges of the plates, as arranged in appellant's wheel, adapted to cut through the surface soil.

As limited by their terms we regard claims 5 and 6 as patentable.

Claim 7 is very broad and, with the introductory phrase disregarded, each of its three elements is found disclosed in Stuart, to wit: (a) "A series of annular plates;" (b) "spaced laterally one from another;" and (c) "sinuous in relation to the plane of rotation." Accordingly, we think this claim was properly rejected.

The decision of the Board of Appeals is modified, being affirmed as to claim 7, and reversed as to claims 5 and 6.