## In re WOLFE.
### Patent Appeal No. 3255.

Court of Customs and Patent Appeals.
March 26, 1934.

Asher Blum, of New York City, and Charles R. Allen, of Washington, D. C., for appellant.

T. A. Hostetler, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for Commissioner of Patents.

Before GRAHAM, Presiding Judge, and BLAND, GARRETT, and LENROOT, Associate Judges.

GARRETT, Associate Judge.

This is an appeal from a decision of the Board of Appeals of the United States Patent Office affirming a decision of the Examiner denying patentability, in view of the prior art, of all the claims (five in number) of appellant's application for patent on alleged new and useful improvements in cabinets of the refrigerator type.

Claims 6 and 7 seem to be fairly illustrative, and are here quoted:

"6. In a refrigerator cabinet, horizontal shelves placed in the rear of said cabinet and having a depth less than the depth of said cabinet, and complementary shelves on the same plane extending from the front of said shelves to the front of the cabinet, such complementary shelves being attached to the inside of the door of the cabinet and extending a substantial distance inside from the frame of the door.

"7. In a refrigerator cabinet, horizontal shelves placed in the rear of said cabinet and having a depth substantially less than the depth of said cabinet, complementary shelves on the same plane extending from the front of such rear shelves to the front of the cabinet, such complementary shelves being attached to the door of the cabinet, and extend-

ing into the cabinet a substantial distance from the frame of the door."

Three references are cited, viz.: Tanzer, 442,836, December 16, 1890; Lanoue, 1,071,760, September 2, 1913; Welch, 1,275,511, August 13, 1918.

Appellant discloses a refrigerator cabinet having a door with horizontal shelves attached to its inner side, such shelves being on a plane with corresponding shelves attached horizontally to the inner back of the cabinet, all the shelves having guard rails.

By the arrangement of "half shelves" (those upon the door being provided with curved ends to admit of the free opening of the door) it is claimed—and the claim seems to be well founded—that great convenience results because the contents of the refrigerator are divided into two parts when the door is opened.

The Tanzer patent relates to a showcase having doors with shelves on their inner sides and also shelves attached to the case, both sets of shelves being (in one of the forms) set upon the same level.

The patent to Lanoue relates to a medicine cabinet having shelves, some of which are inside and attached to the cabinet and others attached to the hinged door, the respective shelves being at corresponding levels. These shelves show flanges which serve as guards.

The patent to Welch relates to a refrigerator in which there is a hinged door frame having itself doors hinged upon it, these latter doors having shelves attached upon their inner sides. These shelves are of a width equal to the depth of the cabinet, so that when the doors are closed the shelves extend horizontally practically to the back of the cabinet, and the upper shelf is apparently supported, when the door is closed, by rods extending transversely through the cabinet. These shelves show flanges which serve as guards to prevent articles from slipping therefrom.

The Examiner rejected all of the claims upon Welch in view of Tanzer, or upon Welch in view of Lanoue, or upon Welch in view of the common knowledge of using shelves in structures. The board, while not holding the other references inapplicable, said "perhaps that to Tanzer is best."

In argument before the court there was exhibited a miniature model representing the material portions of appellant's structure.

It is insisted on behalf of appellant that each of the claims is limited by its preamble to a refrigerator; that if the Tanzer construction were applied to a refrigerator, the shelves affixed to the doors would not extend inwardly of the frame of the door, and hence the articles on such shelves would not be in the path of the circulating air within the cabinet, and, in the oral argument particularly, much emphasis was placed upon the fact that appellant's door frame is so dimensioned and arranged as to provide an insulation which would be lacking in the references, Tanzer and Lanoue, applied to a refrigerator cabinet.

Upon the latter contention it seems sufficient to say that there is nothing in the claims with respect to insulation, nor, so far as we can discern, any teaching in the application with respect to that feature, and we fail to see wherein there is aught inherent (even if a feature merely inherent and not claimed were proper to be considered) in the device to differentiate from Welch in that regard to any appreciable extent.

It is argued, in effect, that under the cases of In re Covey, 63 F.(2d) 982, 20 C. C. P. A. 962, and In re Bennett, 65 F.(2d) 144, 20 C. C. P. A. 1087, the limitation to a refrigerator in the introductory phrase of the claims eliminates Tanzer as a pertinent reference.

We deem it proper to say that the cited cases were not intended by us to abrogate or modify the rule applied, with citation of authorities, in the case of In re Dawe, 53 F.(2d) 543, 19 C. C. P. A. 728, to the effect that generally the preamble of a claim is introductory only and should not be considered as a limitation of the subject of the issue. When the facts of the respective cases are looked to, we think there is no conflict in principle between the respective decisions.

In the instant case the general title of the application is "cabinet," although the preambles of the claims refer only to refrigerators, and, in any event, we may not overlook the disclosures of the Welch patent which specifically is for refrigerators.

While we are impressed with the fact that appellant's idea applied to a refrigerator has resulted in the production of a convenient and useful article of kitchen furniture, we fail to see wherein there was any development over the prior art which involved invention.

The decision of the Board of Appeals is affirmed.

Affirmed.

HATFIELD, Associate Judge, did not participate.