33 C.C.P.A.(Patents)

## Application of JONES et al.

### Patent Appeal No. 5154.

Court of Customs and Patent Appeals.

April 1, 1946.

Keith Misegades, of New York City, for appellants.

W. W. Cochran, of Washington, D. C. (E. L. Reynolds, of Washington, D. C., of counsel), for the Commissioner of Patents.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, JACKSON, and O'CONNELL, Associate Judges.

O'CONNELL, Associate Judge.

This is an appeal from the decision of the Board of Appeals of the United States Patent Office affirming the action of the Primary Examiner who finally rejected, as lacking invention over the prior art, all of the claims in appellants' application for a patent for thermoplastic coating compositions and articles produced therewith.

The claims on appeal sufficiently describe the alleged invention. They read:

"14. A composition of matter substantially free of ingredients volatile at ordinary room temperatures, which is solid, flexible, marproof, non-tacky, transparent and moisture-proof in thin films at room temperatures, comprising from 25 to 50 parts by weight of a mixed ester of cellulose and saturated aliphatic acids having from 2 to 4 carbon atoms, from 20 to 45 parts by weight of a plasticizer compatible therewith and substantially non-volatile at 190°C, said plasticizer being present in substantially greater proportion than half the cellulose ester, and from 10 to 40 parts by weight of a resin compatible with the ingredients and heat-stable at temperatures up to 200°C, the composition being characterized by sufficient fluidity, at temperatures of from 160 to 190°C, to be applicable to paper from conventional roll-coater and intaglio coat-

ing machines, and being further characterized by its resistance to thermal decomposition at such temperatures.

"15. The composition of claim 14 in which the mixed ester is cellulose acetopropionate.

"16. The composition of claim 14, in which the plasticizer is tricresyl phosphate."

Numerous functional limitations, such as flexible, transparent, and mar-proof, are recited in the appealed claims which it is alleged make the disclosed material desirable. However, the composition for which appellants seek protection, as stated in their brief, is quite narrowly defined, being made up of a cellulose mixed ester of the cellulose acetopropionate type, a non-volatile plasticizer, and a compatible heat stable resin. The proportions of the ingredients of this composition are enumerated as 25 to 50 mixed esters of cellulose and a saturated aliphatic acid having 2 to 4 carbon ator·· 20 to 45 compatible plasticizer, non-volatile at 190°C. (present in substantially greater proportion than half the amount of the cellulose ester), and 10 to 40 compatible resin, heat stable at 200°C. The properties which make it desirable in application are specified as fluid for application at 160 to 190°C. resistant to thermal decomposition.

Claim 14 defines the characteristics of the composition, claim 15 is specific to the mixed ester, and claim 16 to the plasticizer. The last two claims are dependent on the first. Claims 14 and 15 were rejected as lacking invention over the principal reference, the patent to Klinger, No. 2,170,416, of August 22, 1939; and claim 16 was rejected as lacking invention over Klinger in view of the publication "Hercose C," page 6, 1936, issued by the Cellulose Products Department, Hercules Powder Company, Incorporated, Wilmington, Deleware.

The patent to Klinger discloses a thermoplastic composition for collar stiffening which comprises a mixed ester of cellulose, a plasticizer, and/or a resin. A cellulose mixed ester of the cellulose acetopropionate type is specified as suitable to accomplish the desired result as well as a cellulose acetobutyrate, a cellulose acetostearate, and a cellulose acetopalmitate. Of these enumerated cellulose esters, the first two are likewise listed by appellants as suitable for their purpose.

Among the suitable plasticizers listed, Klinger mentions metylphthalylethyl glycollate and butylphthallylbutyl gycollate; and among the suitable resins listed are the toluenesulfonamideformaldehyde condensation type resins, the phenolformaldehyde type resins, and the vinyl resins. These plasticizers and resins are likewise described by appellants as being suitable for their defined compositions.

Klinger further discloses—

"The exact amount of plasticizer included in the thermoplastic composition, will depend on the melting point of the cellulose ester used and on the characteristics of the resin, if such is included, and will usually be included in amounts within the range of about 5 parts to about 50 parts by weight per 100 parts of the cellulose ester by weight. The exact amount of resin included will, likewise, depend on the melting point of the cellulose ester used and on the characteristics of the plasticizer, if such is included, and will usually be included in amounts within the range of about 5 parts to about 70 parts by weight per 100 parts of the cellulose ester by weight."

"Reducing this to a basis of 50 parts, to correspond to the claim," as correctly stated in the brief of the Solicitor, "Klinger may use 2½ to 25 parts of plasticizer and 2½ to 35 parts of resin to 50 parts of ester. A considerable portion of this range (20 to 25 parts of plasticizer and 10 to 35 parts of resin) will satisfy the requirements of claim 14 when the upper limit, 50 parts, of ester is used. Clearly, therefore, Klinger, discloses proportions satisfying the numerical values given by claim 14." Furthermore, while appellants state in Claim 14 that the plasticizer is "present in substantially greater proportion than half the cellulose ester," they fail to disclose that a proportion greater than half the cellulose ester is of critical importance.

Appellant argues that the Klinger composition includes substances which render it inoperative for appellants' purpose. This contention is based primarily upon a letter and an affidavit neither of which was considered by the examiner for the reason that the documents were not presented by appellants until after the first decision of the Board of Appeals. Under such cir-

cumstances this evidence is not properly before the court and may not be here considered. In re Replogle, 107 F.2d 592, 27 C.C.P.A., Patents, 704; In re Spengler et al., 147 F.2d 1013, 32 C.C.P.A., Patents, 855.

Upon the facts presented, the position of both the Primary Examiner and the Board of Appeals was that inasmuch as appellants have merely selected certain substances in the Klinger composition and had purposes in mind other than the treatment of cloth, this selection would not amount to invention. That was "regarded as a matter within the expected skill of one trained in the art."

Moreover, as correctly stated by the Solicitor, "the claims do not actually state that the material is to be used for coating paper, but merely that its fluidity is such that it might be applied to paper in the conventional way. Since the claims are not limited to any particular use, the fact that Klinger does not state that his composition may be used on paper is immaterial."

■■■ Appellants' contention that the principal reference, Klinger, cannot be considered here because it discloses a composition drawn from a non-analogous art is without merit. In considering a reference alleged not to be in the art involved, the question always is whether such reference suggests doing the thing that the applicant has done. In re Stover, 146 F.2d 299, 32 C.C.P.A., Patents, 823. The difference disclosed between appellants' composition and that of Klinger is of degree only and not of kind and what appellants have done is clearly suggested by the cited reference.

■■■ Appellants' further contention that they are entitled to a patent for a new use of an old composition, or of selected proportions thereof, is also without merit. The mere fact that appellants have discovered a composition which is comprised of certain proportions of mixed ester of cellulose, plasticizer and resin as a protective coating for paper properties, does not, in view of the fact that the composition is old and is suggested by the art of record, entitle him to the allowance of the appealed claims. See In re Thuau, 135 F. 2d 344, 30 C.C.P.A., Patents, 979; In re James, 83 F.2d 313, 23 C.C.P.A., Patents, 1124; In re Heap, 74 F.2d 948, 22 C.C.P.A., Patents, 950.

Claims 14 and 15 were properly rejected by the tribunals of the Patent Office on the ground that they were anticipated by Klinger, and claim 16 was likewise properly rejected since it is limited to tricresyl phosphate which Klinger does not disclose but which is old as a plasticizer as disclosed by the publication "Hercose C." In other words, claim 16 merely substitutes one known plasticizer for an equivalent plasticizer which the record shows was also disclosed by Klinger.

■■■ For the reasons stated, the decision of the Board of Appeals affirming the action of the examiner in rejecting the appealed claims as lacking invention over the disclosure of the prior art is affirmed.

Affirmed.