Woelet, Judge,
delivered the opinion of the court:
This is an appeal from the decision of the Board of Appeals of the United States Patent Office affirming the rejection by the Primary Examiner of claims 1, 2, 3, 4, and 7, the only claims remaining in appellant’s application, No. 169,228, for a patent on a container and closure therefor. Claims 1, 2, and 4 are typical of the appealed claims and read:
1. A container comprising a wall portion having a fill opening therein, a removable and replaceable closure for said opening, comprising a suction cup made of resilient flexible material having a convex side and a concave side, a relatively short projection extending axially at the concave side of the cup and adapted to be pressed into said opening with simultaneous suction engagement of the concave side of said cup with the exterior surface of said wall portion around said opening, resilient means at the inner end of said projection having diameter appreciably greater than the diameter of said opening and adapted to yield radially to permit the said projection to enter said opening and to be withdrawn from said opening, said resilient means engaging yieldingly back of said wall portion when the projection is pressed into said opening enough to effect the said suction engagement of the-cup with the wall portion and being adapted to yield radially to free itself from said wall portion, and means on the edge of said wall portion, at said fill opening therein, providing a rounded surface for camming said resilient means radially in response to force applied to the closure in direction to remove the closure from said fill opening.
2. A container comprising a substantially rigid wall portion having a fill opening therein, a removable and replaceable closure for said opening, comprising a suction cup made of resilient material having a concave side pressed into suction engagement with the exterior surface of the wall portion around said opening, a plug projecting axially from the said concave side of the cup and pressed into said opening, resilient means at the end of the plug annularly engaged back of said wall portion, said resilient means being adapted to yield radially under constricting pressure when said resilient means is- being moved in either direction through said openings, and means on the edge of said wall *736 portion, at said fill opening therein, providing a rounded surface for camming said resilient means radially in response to force applied to the closure in direction to remove the closure from said fill opening.
4. A container comprising a wall portion having a fill opening therein, a removable and replaceable closure for said opening, comprising a suction cup made of resilient flexible material having a convex side and a concave side, a relatively short projection extending axially at the concave side of the cup and adapted to be pressed into said opening with simultaneous suction engagement of the concave side of said cup with the exterior surface of said wall portion around said opening, resilient means at the inner end of said projection having diameter appreciably greater than the diameter of said opening and adapted to yield to permit the said projection to enter said opening, said resilient means 'engaging back of said wall portion when the projection is pressed into said opening enough to effect the said suction engagement of the cup with the wall portion and being adapted to yield radially to free itself from said wall portion, means on the edge of said wall portion,' at said fill opening therein, providing a rounded surface for camming said resilient means radially in response to force applied to the closure in direction to remove the closure from said fill opening, and an annular upstanding flange on said wall portion confining the outer edge of said suction cup substantially all around the edge of the cup.
The references relied on are:
Jorgensen, 1,915,249, June 20, 1913.
Duffy, 2,061,145, Nov. 17, 1936.
Wynings, 2,212,804, Aug. 27, 1940.
Hoffman, 2,224,296, Dec. 10,1940.
The application relates to a removable resilient closure member designed to form an airtight seal for an opening in a wall of a container. The closure member may be made of rubber and comprises a suction cup having convex and concave sides with a relatively short projection extending axially from the concave side, terminating in an annular resilient flange. The container to which the closure is to be applied is provided with a circular opening somewhat smaller than the normal diameter of the projection, and having rounded edges. The container, as shown, is circular and has an upstanding flange surrounding the wall to which the closure is to be applied and of such size as to confine the outer edge of the suction cup when the closure member is in place.
In use, the projection of the closure member is forced through the opening in the container wall until the annular flange at the end of the projection enters the container. The flange then expands and lies against the inner wall of the container, thus serving to hold the suction cup portion of the closure member spread against the outer wall of the container to provide outer and inner seals. When it is desired to remove the closure, the outer seal is broken by lifting an edgs of the suction cup.
The Hoffman patent shows a container having a wall provided with an opening which is adapted to be closed by a resilient member com *737 prising a concave-convex suction cup portion and a stem extending axially from the concave side of the suction cup portion and provided with radial projections or ears. The end of the stem adjacent the cup ,is flared to a frusto-conical shape. The ears of the stem extend outwardly to a diameter greater than that of the opening in the container wall and, when the stem is pressed into the opening the ears enter the container and engage its inner wall, thus preventing removal of the stem. In that position, the suction cup lies against the' outer wall of the container, but the stem fits loosely in the opening, so that air or gas may pass from the interior of the container into contact with the inside of the suction cup. Accordingly, if pressure develops in the container the gas or air may escape by passing around the stem and lifting the edge of the cup. On the other hand, if a vacuum develops in the container the suction cup is flatened out until the frusto-conical upper portion of the stem closes the mouth of the opening. No inner seal is provided in the Hoffman device and its operation depends upon a constantly open communication between the container and the inside of the suction cup.
The patent to Jorgensen discloses a resilient buffer member for a door or the like, comprising a circular plug having a head portion and a stem portion of smaller diameter extending axially therefrom. The surface of the head surrounding the stem is concave, thus forming an annular groove or cup. The outer end of the stem is provided with a circular enlargement, smaller than the head, and a groove is also provided where the enlargement joins the stem. The buffer thus consists of two grooved enlargements joined by a shank portion.
Jorgensen’s buffer may be applied by forcing its smaller end and shank portion into an opening in a piece of material until the enlargement at the end passes out of the opening and engages the opposite side of the material, where it expands and serves to lock the buffer in place.
The Duffy patent shows a closure member having an axial stem provided with a resilient flange at its end which expands against the inner wall of a container when the stem is forced through an opening therein. The flange and the edge of the wall opening are so shaped that the closure may be removed by lifting it at one side.
The "Wynings patent shows a resilient closure member consisting of a circular disk having a suction cup portion. The container to which the closure is to be applied is provided with an annular rim which engages the outer edge of the closure when it is applied to the container.
Claims 1,2,3, and 7 were rejected on either Jorgensen or Hoffman in view of Duffy, on the ground that it would not require invention to *738 round the edges of the opening through which the sealing means passes in the Jorgensen or Hoffman device in the 'manner suggested by Duffy.
The Jorgensen patent, as above indicated, does not relate to a container closure but to a buffer plug. While the physical structure of Jorgensen’s plug is generally similar to that of the appellant’s .closure member, their functions are quite different since Jorgensen is not concerned with effecting a tight closure of the opening in which his plug is inserted, and any sealing of that opening which may take place is, in our opinion, entirely incidental.
Notwithstanding the difference in function, the Jorgensen patent would be a proper reference if it disclosed all the structure set forth in the appealed claims. In re Joseph Dawe, 19 C. C. P. A. (Patents) 728, 53 F. 2d 543, 11 U. S. Pat. Q. 181; In re Wolfe, 21 C. C. P. A. (Patents) 974, 69 F. 2d 550, 21 U. S. Pat. Q. 105; In re Waldron, 28 C. C. P. A. (Patents). 862, 117 F. 2d 381, 48 USPQ 381; and In re Stacy, 30 C C. P. A. (Patents) 972, 135 F. 2d 232, 57 USPQ 307. However, the rejection here involved is not based upon the Jorgensen patent alone, but upon a proposed modification of Jor-gensen’s structure in view of the Duffy patent which relates to the art of sealing containers. In our opinion, the Jorgensen and Duffy patents relate to nonanalogous arts and may not properly be combined to form a basis for rej ection of appellant’s claims. It does not seem likely to us that one seeking to produce an improved closure for containers would look to the door buffer art for suggestions. Accordingly, we strongly doubt that the proposed modification of the structure of Jorgensen’s buffer and its use as a closure for a container could be accomplished without the exercise of invention. It follows that the rejection of claims 1, 2, 3, and 7, so far as it is based on Jorgensen, should not be sustained. ,
With respect to the rejection on Hoffman in view of Duffy, the situar tion is. different, since both the Hoffman and Duffy patents relate to sealing closures for containers. We are in agreement with the board that merely rounding the edge of the container opening of Hoffman to facilitate removal of the sealing plug would not involve anything more than the exercise of mechanical skill, in view of the showing of such a rounded edge in the Duffy patent. It is a matter of common knowledge that sharp edges or projections may interfere' with the disengagement of parts, and should be eliminated where ready removal is desired. Therefore, if Hoffman desired to make his sealing plug more readily removable, it would be obvious to round the edges of the. opening which receives the plug.
. It appears that the proposed modification of the Hoffman device would produce a structure corresponding to that of appealed claim 1. *739 Hoffman states that the ears or abutments of his device which extend into the container opening have a somewhat greater diameter than that of the opening, and it is clear from both his specification and drawing that such ears or abutments engage the flange which surrounds the opening, after a sealing engagement, of the suction cup has been effected. Figure-3. .of Hoffman shows the suction cup deformed from its normal •shape into a sealing engagement with the container walls, while the abutments are in engagement with the inner wall of the container opening. The fact that' the abutments may be drawn inwardly and disengaged from the opening when the' container is placed under suction is immaterial so far as claim 1 is concerned.
Claim 1 fails to define anything inventive' over what is shown by Hoffman, in view of Huffy, and its rejection on those references should b,e:.affirmed.. ■ . ... -
Claims 2 and 7 call for an annular engagement between the inner portion of the closure means arid the inner wall of the container, while claim 3 states that the inner end of the closure means comprisés a flange which engages the inner wall. Those claiiris, therefore, require a continuous engagement betwe'en the closure means and' the inner container wall. Su'cli continuous engageriient riot only is not shown by Hoffinan,- but would render his device inoperative for its intended purpose, since a continuous'inner healing means would prevent the venting of the container if a pressure develops in it and venting seems to be-the primary purpose of Hoffman’s closure.
-. Since claims 2, 3, and 7- are limited to a type of double seal which is not shown by Hoffman and not suggested by the other cited references, those claims should-be allowable over the art relied on.
Claim 4 distinguishes over Hoffman by reciting an annular upstanding flange surrounding and confining the outer edge of the suction cup of the closure member. Such a flange is old, as shown by the. Wynings patent. However, it is essential to Hoffman’s intended operation that the outer edge of the suction cup be unimpeded, since the air in the container must be able to lift that edge and escape if pressure-develops in the container. The proposed addition of the Wyn-ings flange, therefore, would prevent proper operation of the Hoffman device. Under those circumstances we do not believe the combination of references relied on in the rejection of claim 4 is proper.
For the reasons hereinbefore set forth, the decision of the Board of -Appeals is modified, being affirmed as to claim 1, and reversed as-to claims 2,3,4, and 7. . / ......
JacksoN, Judge, retired, recalled to participate.