44 C.C.P.A.(Patents).

**Application of Boyd J. SEVOLD, Executor of the Estate of Alexander D. Jidich, also known as Alexander Djidics, Deceased.**

**Patent Appeal No. 6244.**

United States Court of Customs
and Patent Appeals.

Feb. 8, 1957.

———◆———

Roger R. Horton, Wilmington, Del. (Howson & Howson, Philadelphia, Pa., and William A. Smith, Jr., Washington, D. C., of counsel), for appellant.

Clarence W. Moore, Washington, D. C. (H. S. Miller, Washington, D. C., of counsel), for Commissioner of Patents.

Before JOHNSON, Chief Judge, and WORLEY, RICH and JACKSON (retired), Judges.

WORLEY, Judge.

This is an appeal from the decision of the Board of Appeals of the United States Patent Office affirming final rejection by the Primary Examiner of claims 11 and 12 of appellant's application for a patent on a process of assembling a detonator. The appealed claims are as follows:

"11. A process of assembling an ignition and sealing assembly including a rubber-like plug, having two leg wires extending separately longitudinally therethrough, into the end of an electric detonator shell, which comprises locating said shell linearly behind a tapering passage and pushing said plug, with the leg wires extending behind, through said tapering passage and into said shell, said plug normally having a diameter larger than the inside diameter of said shell, said passage tapering from a diameter large enough so that said plug is freely admitted therein to a diameter such that said plug will slide into said shell, whereby said plug concurrently holds each leg wire in gripping relation and holds in place in said shell by residual lateral compression.

"12. A process in accordance with claim 11 in which said shell is crimped into said plug after insertion of said plug."

The references relied on are:

| | | |
|---|---|---|
| Futers (Br.) | 246,727 | February 4, 1926. |
| Thiry (Br.) | 341,802 | January 22, 1931. |
| Handforth et al. | 2,212,118 | August 20, 1940. |
| Johnson et al. | 2,212,474 | August 20, 1940. |
| Taylor et al. | 2,331,007 | October 5, 1943. |
| Burrows et al. | 2,403,907 | July 16, 1946. |

Appellant's application relates to a detonator of the kind which comprises an explosive charge enclosed in an elongated metal cylinder, one end of which is closed. The charge is detonated by an electrical device which is carried by a rubber plug fitted tightly into the open end of the cylinder, and which is energized at the proper time by wires passing through the plug. In assembling the detonator, the wires are first passed through the plug, which has a normal diameter greater than the inner diameter of the cylinder, and the plug is then forced through a tapered funnel-like member which delivers it into the end of the cylinder. Consequently the plug, when in place, fits tightly against the wall of the cylinder and around the wires, thus effecting a tight seal. It appears that, if so desired, the wall of the cylinder may be crimped after the plug is inserted.

The patents to Handforth et al., Johnson et al., Taylor et al., and Burrows et al. show detonators of the type disclosed by appellant, each comprising a cylindrical body containing an explosive charge and an electrical igniting device carried by a plug of rubber or similar material which fits tightly into one end of the cylinder, with wires passing through the plug to the igniting device.

The Futers patent shows a detonator comprising a cylindrical metal shell, closed at one end and having a portion of the metal adjacent the open end pressed outwardly in the form of a circular bead, thus providing an outwardly extending groove in the inner wall of the shell. The open end of the shell is closed by the insertion of a rubber plug. The patent specification states that the plug, after insertion, expands into the groove. The drawing shows the rubber filling the groove.

The Thiry patent relates to the assembly of an oscillating joint comprising inner and outer cylindrical metal members separated by a plug of elastic material. As disclosed in the patent, the plug is placed around the inner member and the two are then forced through a tapered, funnel-like member which deforms the plug so that it can enter the outer member. It appears that the natural tendency of the plug to resume its original shape after entering the outer member results in a tight fit of all the parts.

It is evident that the Thiry patent discloses each of the two manipulative steps recited by appealed claim 11; namely, locating a shell linearly behind a tapered passage, and pushing a rubber-like plug through the passage, thereby deforming the plug and forcing it into the shell. Moreover, the distortion of Thiry's plug brings it into close contact with both the inner and outer members in the same manner in which appellant's plug is brought into contact with the wires and the detonator shell.

It is contended by appellant that the Thiry patent relates to an art which is non-analogous to that to which the appealed claims relate and, accordingly, cannot properly be used in the rejection of those claims. It is well settled, however, that in cases involving a combination of references in different arts, the issue is simply whether the arts involved are so related that the reference suggests doing the thing that the applicant has done. In re Jones, 154 F.2d 688, 33 C.C.P.A., Patents, 1005, and In re O'Connor, 161 F.2d 221, 34 C.C.P.A., Patents, 1055, and cases there cited.

The references cited clearly show that it is common practice to seal the end of a detonator shell by a tightly fitting plug of elastic material. In the Handforth et al., Johnson et al., Taylor et al., and Burrows et al. patents a tight seal is effected by crimping the shell, thus deforming the material of the plug. In the Futers patent it is stated that the plug, after it is inserted, expands into an annular groove in the shell. We agree with the Patent Office tribunals that such expansion indicates that the plug is compressed either before or during its insertion into the shell. Moreover, judicial notice may properly be taken of the fact that it is conventional to taper

sealing closure members, such as bottle stoppers, so they will be compressed or deformed into sealing relation with the container wall when they are inserted.

It is quite true, as pointed out by appellant, the Thiry patent is not concerned with effecting a seal between the metal members and the rubber plug; but it is equally true Thiry is clearly concerned with bringing those parts into a tight frictional relationship with each other. The problem is merely one of deforming a rubber plug and inserting it into a metal sleeve having an inner diameter less than the original outer diameter of the plug; and it is immaterial, so far as that problem is concerned, what use is to be made of the parts after they are assembled.

■ We share the opinion below that it would be obvious to a skilled worker in the art that the process disclosed by the Thiry patent is of general application in the insertion of rubber plugs in sleeves and might readily be applied to the placing of closure plugs in detonators.

Appellant stresses our decision in In re Lobl, 228 F.2d 234, 43 C.C.P.A., Patents, 734, where it was held that a patent for a buffer plug could not properly be combined with patents showing container closures. However, the claims involved in that case were not process claims, and the rejection involved a particular combination of structural features from the two arts where they served different purposes. Such a situation is clearly distinguishable from the present one which involves merely the application of a process formerly used for assembling certain articles, to the assembly of other articles which are similar in structure, although intended for a different use.

Claim 12 adds to the process of claim 11 the further step of crimping the shell after the plug is inserted. Such crimping is old as shown by the patents to Handforth et al., Johnson et al., Taylor et al., and Burrows et al., and, in our opinion, its use in the manner set forth in claim 12 would, as held below, be obvious.

The decision of the Board of Appeals is affirmed.

Affirmed.

JACKSON, J., retired, recalled to participate in place of COLE, J.

O'CONNELL, J., did not participate in the hearing or decision of this case.